Daniel C. Girard (State Bar No. 114826)
dcg@girardgibbs.com
Jordan Elias (State Bar No. 228731)
je@girardgibbs.com
Simon S. Grille (State Bar No. 294914)
sg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiff Dulce Alondra Velasquez-Reyes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| Dulce Alondra Velasquez-Reyes, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Samsung Electronics America, Inc.,<br><br>Defendant. | CASE NO. 5:16-CV-01953<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Dulce Alondra Velasquez-Reyes, individually and on behalf of others similarly situated, alleges the following against Defendant Samsung Electronics America, Inc. ("Samsung").

## NATURE OF THE ACTION

1. This is an action arising out of Samsung's material misrepresentations that precede and induce consumer purchases of its Galaxy S7 cellular phones. Samsung heavily promotes these phones as being water resistant when they are not.

2. In a nationwide advertising campaign, Samsung portrays people dunking Galaxy S7 phones in fish tanks, spraying Galaxy S7 phones with jets of water and dousing them with champagne, and holding the phones while kayaking through river rapids and surfing in the ocean. Such depictions of water resistance permeate Samsung's advertisements of the Galaxy S7 phones, and the claimed water-resistant feature distinguishes these phones from similar products marketed and sold by Samsung's competitors. Samsung's advertisements regarding water resistance, however, are misleading and false.

3. Ms. Reyes purchased her Galaxy S7 phone after being exposed to Samsung's representations that it was water resistant. But her phone was permanently damaged after she briefly dropped it in shallow water. The Galaxy S7 phones of many other consumers likewise have sustained damage from exposure to liquid or moisture.

4. Samsung's representations induced Ms. Reyes and millions of consumers like her to purchase Samsung's purportedly water-resistant phones. Had these consumers known that Samsung's representations of water resistance were not accurate, they would not have purchased a Galaxy S7 phone, or they would have paid significantly less for the product.

1

CLASS ACTION COMPLAINT

5.     Ms. Reyes brings this action to put a stop to Samsung's false advertising and to recover appropriate damages for herself and a class of similarly situated consumer purchasers (the "Class").

## PARTIES

6.     Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant") is a New Jersey corporation with its headquarters and principal place of business in Ridgefield Park, New Jersey.  Samsung is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., a subsidiary of Samsung Group, which is a Korean multinational conglomerate headquartered in Suwon, South Korea.

7.     Plaintiff Dulce Alondra Velasquez-Reyes ("Ms. Reyes" or "Plaintiff") is a citizen of California who resides in Ontario, California.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from Samsung, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the Class includes more than 100 members, and (d) none of the exceptions under the subsection apply to this action.

9.     This Court has personal jurisdiction over Samsung because it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.  Samsung intentionally avails itself of markets within California through the promotion, sale, marketing, and distribution of its products and services in this State.

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District, the Defendant is subject to personal jurisdiction in this District for the claims alleged, and a substantial part of the events and omissions giving rise to these claims occurred in this District.

2

CLASS ACTION COMPLAINT

## COMMON ALLEGATIONS OF FACT

11.    Samsung holds the largest share of the United States cellular phone market.  Samsung's flagship line of cell phones is the Galaxy S7 series.  Phones in this series include the Galaxy S7, Galaxy S7 Edge, and Galaxy S7 Active (collectively, the "S7 Phone").

12.    Samsung's material misrepresentations of the S7 Phone in a widely seen advertising campaign give rise to this action.

**Samsung's Representations That Its Galaxy S7 Phones Are Water Resistant**

13.    Samsung markets the S7 Phone through nationally-televised advertisements, print advertisements, and online advertisements.

14.    Samsung represents in advertisements for the S7 Phone that the phone is water resistant.

15.    Samsung's claims of water resistance are objective in nature.  As part of its advertising campaign, Samsung consistently represents that the S7 Phone is "water resistant up to 5 feet of water for up to 30 minutes."

16.    Samsung television commercials show a popular rap musician pouring champagne onto an S7 Phone.  Samsung television commercials also show people:

a.    Snorkeling with an S7 Phone[1];



[1] Galaxy S7 – Now You Can, https://www.youtube.com/watch?v=x3hqaTapWSo (last visited Aug. 30, 2016).

3

CLASS ACTION COMPLAINT

b.    surfing with an S7 Phone[2];





---

[2] *Id.*

CLASS ACTION COMPLAINT

1

2          c.      kayaking through river rapids with an S7 Phone[3];

3





27   _____

    [3] *Id.*

28                                    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      d.      dunking an S7 Phone in a fish tank[4];

      e.      dropping an S7 Phone under a garden hose[5]; and



      f.      spraying jets of water directly onto an S7 Phone[6].



---

[4] Galaxy S7: Champagne Calls, https://www.youtube.com/watch?v=l5aF23XpBwU (last visited Aug. 30, 2016).
[5] AT&T Longest Fumble, https://www.youtube.com/watch?v=4HaBMOk54Ys (last visited Aug. 30, 2016).
[6] Galaxy S7 – Now You Can, https://www.youtube.com/watch?v=x3hqaTapWSo (last visited Aug. 30, 2016).

CLASS ACTION COMPLAINT

17.     Samsung's website represents that the S7 Phone is water resistant.  The website includes a video showing an S7 Phone emerging from a pool of water and remaining fully operational.  Samsung's website also states "Because water happens"[7] and "Feel free to get your phone wet."  As shown below, Samsung represents on its website that S7 Phones "repel spills, splashes and even dunks so you won't be putting all your hopes in a pathetic bowl of rice."  (Placing a water-damaged cell phone in a bowl of rice is a common method for trying to counteract water damage.)



**Plaintiff's Galaxy S7 Phone**

18.     Plaintiff Dulce Alondra Velasquez-Reyes ("Ms. Reyes") purchased a Samsung Galaxy S7 phone on May 1, 2016 from her cellular service provider, MetroPCS.

---

[7] Samsung Galaxy S7, 32GB, (Unlocked), Black Onyx
http://www.samsung.com/us/mobile/phones/galaxy-s/samsung-galaxy-s7--32gb---unlocked---black-onyx-sm-g930uzkaxaa/ (last visited Aug. 30, 2016).

7

CLASS ACTION COMPLAINT

19.    Before she purchased her Galaxy S7 phone, Ms. Reyes viewed advertisements on national television and YouTube in which Samsung represented that the Galaxy S7 is water resistant.  For example, Ms. Reyes watched Samsung advertisements making objective claims of water resistance and featuring the well-known rapper Lil Wayne pouring champagne directly onto a Galaxy S7 phone.[8]



20.    Samsung's representations of water resistance materially influenced Ms. Reyes's choice to purchase her Galaxy S7 phone.  Ms. Reyes would not have purchased a Galaxy S7 phone absent Samsung's representations that the device was water resistant.

21.    On or around July 20, 2016, Ms. Reyes inadvertently dropped her phone in a toilet.  Ms. Reyes retrieved the phone after approximately 10 seconds of submersion.  She dried the phone with a shirt and then pressed the "home" button to start it up.  The phone started up and appeared to function but then shut down a few

---

[8] Galaxy S7: Champagne Calls, https://www.youtube.com/watch?v=l5aF23XpBwU (last visited Aug. 30, 2016).

CLASS ACTION COMPLAINT

seconds later.  Ms. Reyes tried to start up the phone again, but the phone again shut itself down.  When Ms. Reyes tried to start up the phone a third time, the phone would no longer initiate the start-up process.

**Further Details Regarding the S7 Phones and Water Damage**

22.    Notwithstanding its promotion of the S7 Phone as water resistant, Samsung would not repair or replace Ms. Reyes's S7 Phone when it failed after being briefly submerged in water.  Samsung's refusal to repair or replace Ms. Reyes's phone was consistent with Samsung's response to other consumers who have experienced similar failures.

23.    Samsung outfits the internal components of the S7 Phone with moisture-detecting stickers.  These stickers are located near points of ingress on the phone's enclosure—the places at which liquid or moisture is most likely to breach the phone's gaskets and seals.  These stickers allow Samsung to determine if any liquid or moisture has entered the phone.  The stickers appear white unless they are exposed to liquid or moisture.  If the stickers are exposed to liquid or moisture, they turn a pinkish color.

24.    Samsung's inclusion of these moisture-detecting stickers evidences the fact that the S7 Phone is not water resistant as represented.  The moisture-detecting stickers do not contribute to the S7 Phone's functionality.  Nor do the stickers provide any benefit to the user.  Samsung inserts these stickers so that its technicians can identify at a glance whether the phone's internal components have come into contact with liquid or moisture.

25.    The S7 Phone's susceptibility to water damage results from structural factors known to Samsung.  Samsung does not apply a water-repellent coating to the circuit board of the S7 Phone even though such technology is available.  The lack of such a coating renders the circuit board vulnerable to short-circuiting and corrosion.  Moreover, the gaskets and seals adjoining the S7 Phone's enclosure

9

CLASS ACTION COMPLAINT

deteriorate with ordinary usage and become ineffective at repelling liquid. Additionally, the S7 Phone's enclosure is incapable of protecting the circuit board from damage caused by direct exposure to saltwater or jets of water. As a result of these structural deficiencies, the S7 Phone suffers damage or permanent disablement when its circuit board comes into contact with liquid or moisture.

## **CLASS ACTION ALLEGATIONS**

26.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed Class and Subclass:

### **The Nationwide Class**
All individuals in the United States who purchased a new Galaxy S7, Galaxy S7 Edge or Galaxy S7 Active cellular phone.

### **The California Subclass**
All individuals in California who purchased a new Galaxy S7, Galaxy S7 Edge or Galaxy S7 Active cellular phone.

27.   Excluded from the proposed Class and Subclass are Samsung's officers, directors, legal representatives, successors, and assigns, any entity in which Samsung has a controlling interest, and any Judges to whom this case is assigned and their immediate family members.

28.   The requirements of Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) are met in this case.

29.   Numerosity.  The proposed Class consists of millions of consumers who purchased S7 phones, making joinder of each Class member impracticable.

30.   Commonality and Predominance.  Common questions of law and fact exist for each of the causes of action and predominate over questions affecting only individual Class members.  Questions common to the Class include:

CLASS ACTION COMPLAINT

a. Whether Samsung violated the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, by disseminating untrue and misleading statements about the S7 Phone with intent to induce purchases;

b. Whether Samsung violated the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, by engaging in unlawful, unfair, and/or fraudulent practices;

c. Whether Samsung made false representations concerning the water resistance of its S7 Phones with the intent to deceive consumers;

d. Whether Samsung made false representations concerning the water resistance of its S7 Phones with the intent to induce consumers to rely upon such representations;

e. Whether Samsung's acts and omissions detailed herein are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and/or caused harm to consumers that outweighs any utility of Samsung's conduct;

f. Whether Samsung was unjustly enriched by reason of the aforementioned practices and violations;

g. Whether Plaintiff, the Class, and the Subclass are entitled to damages and, if so, in what amount; and

h. Whether Plaintiff, the Class, and the Subclass are entitled equitable relief, including restitution.

31. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the proposed Class. Plaintiff and Class members sustained similar injuries as a result of Samsung's fraudulent marketing practices and false advertising. The Samsung advertisements that Plaintiff viewed were typical of the advertisements viewed by Class members. Each Class member's legal claims arise from the same wrongful course of conduct and pervasive advertising campaign.

11

CLASS ACTION COMPLAINT

32.   <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff's interests do not conflict with the interests of Class members, and she has retained counsel experienced in class action and consumer fraud litigation to prosecute this action.

33.   In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3).

34.   <u>Superiority</u>.  A class action is superior to individual adjudications of this controversy.  Litigation is not economically feasible for individual Class members because the amount of damages available to individual plaintiffs is insufficient in the absence of the class action procedure.  Separate litigation also could yield inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

35.   Class certification also is appropriate under Rule 23(b)(1) and/or (b)(2) because:

a.   the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant;

b.   the prosecution of separate actions by individual Class members would create a risk of adjudication of their rights that, as a practical matter, would be dispositive of the interests of other Class members not parties to these adjudications or would substantially impair or impede other Class members' ability to protect their interests; and

c.   Samsung has acted and refused to act on grounds that apply generally to the proposed Class such that final injunctive relief or declaratory relief is warranted with respect to the proposed Class as a whole.

CLASS ACTION COMPLAINT

36. **Notice (Local Rule 23-2.2(g))**.  Plaintiff cannot be certain of the form and manner of Class notice she will propose until the Class is finally defined and some discovery concerning the identity of Class members is undertaken.  Based on the experience of her counsel in previous cases, Plaintiff anticipates that notice by mail will be given to all Class members who can be specifically identified and that this notice will be supplemented by notice published in appropriate periodicals and on the Internet and by press releases and similar communications.

### **FIRST CLAIM FOR RELIEF**
**Fraud**

37. Plaintiff incorporates the above allegations by reference.

38. Plaintiff brings this cause of action on behalf of the Nationwide Class.

39. Samsung commits fraud by intentionally misrepresenting that the S7 Phone possesses characteristics that it does not possess—namely, that it is water resistant.  Samsung's fraud induced Plaintiff and Class members to purchase the S7 Phone.

40. Samsung's intentional and material misrepresentations include its advertising, marketing materials and messages, and other standardized statements claiming the S7 Phone is water resistant.

41. Samsung makes the following fraudulent statements and omissions:

a. advertising the S7 Phone as water resistant when its internal components are not water resistant;

b. failing to disclose that the gaskets and seals on the S7 Phone's enclosure deteriorate with normal usage, rendering the phone's internal components susceptible to damage from liquid or moisture;

c. failing to disclose that exposure to jets of water damages the S7 Phone; and

d. failing to disclose that exposure to saltwater damages the S7

13

Phone.

42.   Samsung's misrepresentations and omissions are material.  As Samsung's pervasive advertising of the S7 Phone as water resistant demonstrates, reasonable consumers regard water resistance as an important feature in deciding which cell phone to purchase.  Consumers paid a premium price for the S7 Phone because, on the basis of Samsung's representations, the consumers expected to receive a water-resistant device.

43.   Samsung is aware that its representations of water resistance are false when it makes them.  Samsung's misrepresentations described and excerpted above were uniform across the Class.  Samsung promoted its S7 Phones in a widespread nationwide advertising campaign.  All of the promotional materials in Samsung's advertising campaign contained the same material misrepresentations of the S7 Phone's water resistance.

44.   In making the misrepresentations and omissions described and excerpted above, Samsung intended that consumers would rely on such misrepresentations and omissions.

45.   Samsung owed a duty to disclose, rather than suppress, material facts about vulnerabilities in the S7 Phone's water resistance because: (1) Samsung had exclusive knowledge of the S7 Phone's vulnerabilities; (2) Samsung was aware that Plaintiff and Class members did not know of the S7 Phone's vulnerabilities to water damage and Samsung's concealment of those vulnerabilities; (3) Samsung was aware that the true facts regarding the S7 Phone's vulnerabilities to water damage would be important to reasonable prospective purchasers of the S7 Phone; and (4) Samsung made representations concerning the water resistance of the S7 Phone that were misleading, deceptive, and incomplete without disclosing the true facts regarding the S7 Phone's vulnerability to water damage.

46.   Plaintiff and Class members believed and relied upon Samsung's

CLASS ACTION COMPLAINT

material misrepresentations and omissions. Class members also are presumed to have believed and relied upon Samsung's misrepresentations and omissions because the facts Samsung misrepresented and concealed are material to a reasonable consumer's decision whether to purchase an S7 Phone.

47. Samsung's fraudulent and false advertising induced Plaintiff and Class members to purchase S7 Phones. Plaintiff and Class members would not have purchased S7 phones, or would have paid less for their phones, in the absence of Samsung's fraudulent and false advertising.

48. As a result of Samsung's fraudulent and false advertising, Plaintiff and Class members sustained actual damages. Had Plaintiff and Class members known that the S7 Phone is not, in fact, water resistant, they would not have purchased the S7 Phone or would have paid significantly less for it.

49. Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.

50. Plaintiff incorporates the above allegations by reference.

51. Plaintiff brings this cause of action on behalf of the California Subclass.

52. Samsung violates the FAL by using false and misleading statements, and material omissions, to promote the sale of the S7 Phone. The S7 Phone does not possess the level of quality or value that Samsung promised. Samsung represents in a widespread advertising campaign that the S7 Phone is water resistant when it is not.

53. Samsung is or should be aware through the exercise of reasonable diligence that its statements regarding the S7 Phone's water resistance are and were false and misleading.

15

CLASS ACTION COMPLAINT

54.   The general public is and was likely to be deceived by Samsung's false and misleading advertising of the S7 Phone as water resistant.  Plaintiff and California Subclass members purchased S7 Phones in reliance on Samsung's false and misleading advertising of these phones as water resistant.

55.   As a direct and proximate result of Samsung's acts and omissions in violation of the FAL, Plaintiff and California Subclass members have been and continue to be harmed.  Samsung's violations of the FAL caused Plaintiff and California Subclass members to suffer out-of-pocket losses.  Plaintiff and California Subclass members would not have purchased S7 Phones, or would have paid significantly less for them, had Plaintiff and California Subclass members known that, contrary to Samsung's false advertising, the phones are vulnerable to damage from liquid and moisture.

56.   Plaintiff brings this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Samsung to issue appropriate corrective disclosures.  Plaintiff and California Subclass members thus seek: (a) an order requiring Samsung to cease its false advertising; (b) full restitution of all monies paid to Samsung as a result of its false advertising; (c) interest at the highest rate allowable by law; and (d) payment of Plaintiff's reasonable attorneys' fees and costs under applicable law, including Federal Rule of Civil Procedure 23 and California Code of Civil Procedure section 1021.5.

### THIRD CLAIM FOR RELIEF
**Violations of the Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

57.   Plaintiff incorporates the above allegations by reference.

58.   Plaintiff brings this cause of action on behalf of the California Subclass.

59.   Samsung engaged in unlawful, unfair, and fraudulent practices in violation of the UCL.

CLASS ACTION COMPLAINT

60.     Samsung's acts, omissions, and practices described above are unlawful because they violate the FAL as set forth in the incorporated Second Claim for Relief.

61.     Samsung's acts, omissions, and practices constitute "unfair" practices because they are contrary to California's legislatively declared policy condemning deceptive advertising of goods and services.  Samsung falsely represented that the S7 Phone is water resistant when it is not.

62.     Samsung's conduct comprises unfair methods of competition and business practices in at least the following respects:

a.     Samsung represents that the S7 Phone is water resistant despite the fact that the phone's internal components are not water resistant;

b.     Samsung conceals that the gaskets and seals on the S7 Phone's enclosure deteriorate with normal usage, rendering the phone's internal components susceptible to damage from liquid or moisture;

c.     Samsung conceals that exposure to jets of water damages the S7 Phone; and

d.     Samsung conceals that exposure to saltwater damages the S7 Phone.

63.     Samsung's acts and practices are contrary to California public policy and constitute immoral, unethical, and unscrupulous practices that caused substantial injury to Plaintiff and California Subclass members.

64.     The gravity of the harm resulting from Samsung's conduct set forth above outweighs any utility of such conduct.  There are reasonably available alternatives that would further Samsung's legitimate business interests, such as using commercially available technology to make the internal components of the S7 phones water resistant and refraining from purveying material misrepresentations and omissions to the consuming public.

17

CLASS ACTION COMPLAINT

65.    Plaintiff and California Subclass members could not reasonably have avoided injury as a result of Samsung's unfair conduct.  Plaintiff and Class members did not know, and had no reasonable means of discovering, that Samsung's advertisements were false and misleading prior to purchasing S7 Phones.

66.    Samsung's fraudulent conduct also violates the UCL.  Samsung affirmatively and knowingly represents that the S7 Phone is water resistant when, in fact, it is not.  Furthermore, Samsung conceals the true facts regarding the S7 Phone's susceptibility to damage from exposure to liquid or moisture.  Samsung's material misrepresentations and omissions are highly likely to mislead the public and induce misinformed consumer purchases.

67.    All of Samsung's unlawful and unfair conduct, failures to disclose, and fraudulent representations alleged herein occurred in the course of Samsung's business and were part of a generalized course of conduct.

68.    Samsung's unlawful, unfair, and fraudulent conduct alleged herein was designed to and did induce Plaintiff and California Subclass members to purchase the S7 Phone.

69.    Plaintiff and California Subclass members would not have purchased the S7 Phone, or would have paid a lower price for it, in the absence of Samsung's unlawful, unfair, and fraudulent business conduct.

70.    As a direct and proximate result of Samsung's unlawful, unfair, and fraudulent business conduct, Plaintiff and California Subclass members have suffered concrete and particularized injuries, including by overpaying for their S7 Phones.

71.    Plaintiff and the California Subclass are entitled to appropriate relief, including restitution, declaratory relief, and a permanent injunction prohibiting Samsung from engaging in the aforementioned practices that violate the UCL.

CLASS ACTION COMPLAINT

Plaintiff further seeks reasonable attorneys' fees and costs under applicable law, including Federal Rule of Civil Procedure 23 and California Code of Civil Procedure section 1021.5.

**FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**

72.    Plaintiff incorporates the above allegations by reference.

73.    Plaintiff brings this cause of action on behalf of the Nationwide Class.

74.    Plaintiff and Class members conferred a benefit on Samsung by purchasing S7 Phones.

75.    The S7 Phones Plaintiff and Class members purchased did not possess the water-resistant qualities Samsung represented they possessed.  Contrary to Samsung's representations, the S7 Phones are not water resistant.  Purchasers of S7 Phones are not provided with water-resistant phones even after the phones are damaged or disabled.

76.    Under these circumstances, retention by Samsung of revenues traceable to S7 Phones is unjust and inequitable.

77.    Plaintiff and Class members are entitled to restitution of their losses. Samsung should be required to disgorge its ill-gotten gains.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass defined herein, respectfully requests that the Court:

A.    Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23, appoint the named Plaintiff to be the Class representative and the undersigned counsel to be Class counsel;

B.    Award Plaintiff and Class members appropriate monetary relief, such as actual damages and/or restitution;

C.    Award Plaintiff and Class members equitable, injunctive and

19

**CLASS ACTION COMPLAINT**

1  declaratory relief as appropriate under the applicable law;

2          D.     Award Plaintiff and Class members pre-judgment and post-

3  judgment interest as prescribed by law;

4          E.     Award reasonable attorneys' fees and costs as permitted by law;

5  and

6          F.     Enter such other and further relief as may be just and proper.

7                         **DEMAND FOR JURY TRIAL**

8          Plaintiff hereby demands a jury trial on all issues so triable.

9

10  Dated: September 12, 2016          Respectfully submitted,

11                                     By:    /s/ *Daniel C. Girard*

12

13                                     Daniel C. Girard (State Bar No. 114826)
                                       Jordan Elias (State Bar No. 228731)
14                                     Simon S. Grille (State Bar No. 294914)

15                                     **GIRARD GIBBS LLP**
                                       601 California Street, 14th Floor
16                                     San Francisco, California 94108
                                       Tel: (415) 981-4800
17                                     dcg@girardgibbs.com
18                                     je@girardgibbs.com
                                       sg@girardgibbs.com
19

20                                     *Counsel for Plaintiff and the Proposed Class*

21

22

23

24

25

26

27

28
                                    20
                        CLASS ACTION COMPLAINT