UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 1 of 15 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS [17, 18]**

On September 12, 2016, Plaintiff Dulce Alondra Velasquez-Reyes filed a class action complaint (the "Complaint") against Samsung for (1) fraud; (2) violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) unjust enrichment. [Doc. # 1.] Now before the Court are Defendant Samsung Electronics America, Inc.'s ("Samsung") Motion to Compel Arbitration ("MCA") [Doc. # 17] and, in the alternative, Motion to Dismiss ("MTD") [Doc. #18].

# I.
# JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). "A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

In support of the MTD, Samsung asks this Court to judicially notice 12 documents relating to the Galaxy S7 phone at issue in this dispute, including the phone box's external labeling, the Samsung Warranty Guide, the Galaxy S7's user manual, various photographs of the phone's packaging and user literature, and a screen shot of the Galaxy S7 user support page ("Exhibit L"). *See* RJN at 2 [Doc. # 18-1]. Of these documents, the Court will take judicial notice only of Exhibit L. The remaining documents are not necessary to the Court's evaluation of the adequacy of Velasquez-Reyes' pleadings or the substance of her claims, and the Complaint's allegations are not predicated on the documents' existence. *See In re Wet Seal, Inc. Secs. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) ("The Ninth Circuit has accepted that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 2 of 15 |

'if a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule 12(b)(6) motion, even if the plaintiff[']s complaint does not explicitly refer to it.'" (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006))). Exhibit L is a "publically accessible website," and the Complaint mentions the website's communications. Thus, the Court may properly consider it. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (judicially noticing Amazon.com webpages).

The Court therefore **GRANTS** the RJN as to Exhibit L, and **DENIES** the RJN as to Exhibits A through K.

## II.
## FACTUAL BACKGROUND[1]

### A. Velasquez-Reyes purchases the Samsung Galaxy S7 after watching multiple advertisements emphasizing its water resistance.

On May 1, 2016, Velasquez-Reyes purchased a Samsung Galaxy S7 (the "Galaxy S7" or "S7") phone from her cellular service provider, MetroPCS. Complaint at ¶ 18. She purchased the Galaxy S7 because she saw national television and YouTube.com advertisements by Samsung showing that the phone is water resistant. *Id.* at ¶¶ 19–20; Velasquez-Reyes Decl. at ¶ 2 [Doc. # 25]. Samsung "consistently represents" in these ads that the S7 is "water resistant up to 5 feet of water for up to 30 minutes." Complaint at ¶ 15.

S7 advertisements display several scenarios in which S7 users expose the phone to salt water, fresh water, and other liquids. For example, some ads show people snorkeling with an S7, surfing with the S7, kayaking with the S7, dunking the S7 into a fish tank, dropping the S7 under a garden hose, and spraying "jets" of hose water directly onto the S7. *Id.* at ¶ 16. One advertisement features a popular rapper pouring champagne onto the phone. *Id.* at ¶¶ 16, 19. Velasquez-Reyes relied upon these representations and alleges that they induced her to purchase the Galaxy S7, a more expensive phone than she otherwise would have purchased. *See* Complaint at ¶¶ 19–20, 47. She was particularly interested in buying a phone that could withstand "occasional contact with water," such as having a bottle of champagne poured over it

---

[1] The Court accepts as true the factual allegations in the Complaint and construes them in the plaintiff's favor solely for the purpose of deciding the MTD. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court weighs the evidence in order to make a factual determination as to the MCA. *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836, 842 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 3 of 15 |

or it being dropped into a fish tank—as in the Galaxy S7 advertisement featuring rapper L'il Wayne. Velasquez-Reyes Decl. at ¶ 2.

After Velasquez-Reyes paid for the Galaxy S7, a MetroPCS salesman took the phone out of its packaging and helped Velasquez-Reyes transfer her contacts to the new device. *Id.* at ¶ 4. The MetroPCS salesman then placed the Galaxy S7 packaging and her receipt into a shopping bag. *Id.* at ¶ 5. The salesman did not mention that the phone came with documents contained in the packaging, nor did he tell her to read the documents. *Id.* When Velasquez-Reyes returned home, she put the shopping bag in a closet and never retrieved her receipt or the Galaxy S7 packaging. *Id.* at ¶ 6.

**B.      The Galaxy S7 packaging and Warranty Guide contain disclosures.**

Because she did not unpack the phone or otherwise look at the Galaxy S7 packaging, Velasquez-Reyes failed to see the notice, printed on the back of the Galaxy S7 box and the packaging "sleeve" that fits over the phone's box, which states in fine print, "Device purchase subject to additional Samsung terms and conditions." Exhibits A, E to McBeth Decl. [Doc. ## 17-2, 17-5]. She was also unaware of an arbitration agreement within the Health & Safety Warranty Guide (the "Warranty Guide") included inside the Galaxy S7 packaging. *Id.* at ¶¶ 6–7; *see also* McBeth Decl. at ¶ 4 (all Galaxy S7s sold through MetroPCS are packaged in a box containing the Warranty Guide) [Doc. # 17-1]; Exhibit B to McBeth Decl. (Warranty Guide) [Doc. # 20].

The Warranty Guide has 23 numbered pages but consists of a total of 29 pages. *See* Warranty Guide. Section 1 contains a wide range of health and safety information, whereas Section 2 contains Samsung's "End User License Agreement for Software" and "Procedures for Dispute Resolution/30-day Arbitration and Opt-Out Policy." *See id.* at 8. The first page of the Warranty Guide's front matter contains the following: "Please read this manual before operating your device and keep it for future reference. This document contains important terms and conditions with respect to your device. By using this device, you accept those terms and conditions." *Id.* at 4. This language appears on the first page of the electronic version of the Warranty Guide, but the physical Warranty Guide enclosed in the S7 packaging has a cover page that provides only the name of the Guide, such that a user would have to open the Warranty Guide to see the first page's disclosure about terms and conditions. McBeth Decl. at ¶ 4 n.1 (explaining differences between physical and electronic versions); Exhibit K to McBeth Decl. (photograph of the physical Warranty Guide) [Doc. # 17-5]. The next page states, in bold, "READ THIS INFORMATION BEFORE USING YOUR MOBILE DEVICE." Warranty Guide at 3. That page also notifies the reader that the product "is covered under the applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-1953-DMG (KKx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 4 of 15 |

Samsung Limited Warranty INCLUDING ITS DISPUTE RESOLUTION PROCEDURE and your right to opt out of arbitration within 30 calendar days of the first consumer purchase." *Id.*

Page 19 of the Warranty Guide states, in all capital letters, "ALL DISPUTES WITH SAMSUNG ARISING IN ANY WAY FROM THIS LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCTS SHALL BE RESOLVED EXCLUSIVELY THROUGH FINAL AND BINDING ARBITRATION, AND NOT BY A COURT OR JURY." *Id.* at 26. On page 21, the Warranty Guide explains the procedures for arbitration and states that S7 purchasers can opt out of the arbitration agreement by providing notice to Samsung within 30 calendar days of purchase, either through email or by calling a toll-free telephone number. *See id.* at 28. It also states that opting out "will not affect the coverage of the Limited Warranty in any way, and you will continue to enjoy the benefits of the Limited Warranty." *Id.* Velasquez-Reyes did not opt out of the arbitration agreement.

**C.     The Galaxy S7 is not water resistant as advertised.**

On or around July 20, 2016, Velasquez-Reyes inadvertently dropped the Galaxy S7 in the toilet and retrieved it after about 10 seconds of submersion. Complaint at ¶ 21. She dried the phone with her shirt and attempted to start up the device without success. *Id.* When she first hit the phone's "home" button, the phone appeared at first to function but shut down a few seconds later. *Id.* She tried to start the phone again, but the phone again shut itself down. *Id.* On her third attempt to start the S7, it would not initiate the start-up process. *Id.* Samsung refused to repair or replace Velasquez-Reyes' phone, and she learned that other consumers with Samsung wireless devices, such as the Galaxy S7, the Galaxy S7 Edge, and Galaxy S7 Active cellular phones, had similar experiences. *Id.* at ¶¶ 22, 26.

The Complaint alleges that Samsung outfits the S7 with moisture-detecting stickers, located "near points of ingress on the phone's enclosure," which is where liquid or moisture is "most likely to breach the phone's gaskets and seals." *Id.* at ¶ 23. Samsung's inclusion of these stickers evidences the fact that the S7 is not water resistant as represented. *Id.* at ¶ 24. Samsung knows about the S7's structural susceptibility to water damage, including the lack of a water-repellant coating to the S7 circuit board, which renders the board vulnerable to short-circuiting and corrosion. *Id.* at ¶ 25. Additionally, the phone's "gaskets and seals adjoining [its] enclosure deteriorate with ordinary usage," which makes the phone ineffective at repelling liquid, and the S7's enclosure cannot protect the circuit board from direct exposure to saltwater or "jets" of water, which makes the Galaxy S7 suffer damage or permanent disablement when its circuit board comes into contact with water. *Id.*

Case 5:16-cv-01953-DMG-KK   Document 34   Filed 09/13/17   Page 5 of 15   Page ID #:684

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 5 of 15 |

# III.
# LEGAL STANDARD

### A.   Standard to Compel Arbitration

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). As long as an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 339. Under California law, "[t]he trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence . . . to reach a final determination." *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836, 842 (2014) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 972 (1997), *as modified* (July 30, 1997)).

### B.   Standard Under a Motion to Dismiss

If the Court does not compel arbitration, it must consider whether the Complaint has stated a claim for relief under Federal Rule of Civil Procedure 12(b).

### 1.   Rule 12(b)(1)[2]

Challenges to this Court's jurisdiction, for the plaintiff's lack of Article III standing, under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations

---

[2] Although Samsung presents the legal standard to dismiss for failure to state a claim under Rule 12(b)(6), the defendant argues that dismissal is warranted here, in part, because Velasquez-Reyes lacks Article III standing. *See* MTD at 14, 22–23. "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 6 of 15 |

contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Because Samsung challenges Velasquez-Reyes' standing to bring a class action complaint that raises claims in connection with wireless devices she did not purchase, the attack is facial. *See* MTD at 22. Accordingly, the Court "presume[s] the truthfulness of the plaintiff's allegations" and determines whether she has standing to bring suit. *Safe Air*, 373 F.3d at 1039.

  **2.  Rule 12(b)(6)**

  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). On a motion to dismiss, the court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

  Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid, ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). "General and conclusory allegations are insufficient." *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014).

  For claims not sounding in fraud, federal pleading standards require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although this standard requires that a claim be 'plausible on its face,' it does not require that a complaint contain 'detailed factual allegations.'" *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048–49 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim must nonetheless contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 7 of 15 |

### 3. Leave to Amend

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

### IV.
### DISCUSSION

#### A. Motion to Compel

It has long been established that "[a]rbitration is a matter of contract." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). Accordingly, "[a] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). The threshold question of whether Samsung and Velasquez-Reyes entered into an agreement to arbitrate is governed by California law. *See* MTD at 26 n.14. It is Samsung's burden to prove the agreement's existence by a preponderance of the evidence. *Knutson*, 771 F.3d at 565 (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). Samsung contends that Velasquez-Reyes entered into a binding contract to arbitrate her claims related to the Galaxy S7 by virtue of purchasing and using the phone, and that the S7's packaging and Warranty Guide provided her with sufficient notice of the contract's existence and her acceptance through purchase and use. MCA at 15; MCA Reply. at 8.

"Generally, under California law, 'the essential elements for a contract are (1) "[p]arties capable of contracting;" (2) "[t]heir consent;" (3) "[a] lawful object;" and (4) "[s]ufficient cause or consideration."'" *Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017) (alterations in original) (quoting *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999). A party who has entered into a contract is bound by all its terms, regardless whether the party was aware of them. *See Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049 (2001) ("A party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing."). Thus, the dispositive question here is whether the parties consented to the formation of a contract, as opposed to the contract's terms.

To answer that question, this Court "must determine whether the [parties'] outward manifestations of consent would lead a reasonable person to believe the offeree," Velasquez-

Case 5:16-cv-01953-DMG-KK   Document 34   Filed 09/13/17   Page 8 of 15   Page ID #:687

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|

| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 8 of 15 |
|---|---|---|---|

Reyes, "assented to the agreement." *Knutson*, 771 F.3d at 565 (quotin *Meyer v. Benko*, 55 Cal. App. 3d 937, 942–43 (1976); *see also* Cal. Com. Code § 2204(1) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."); *HM DG, Inc. v. Amini*, 219 Cal. App. 4th 1100, 1109 (2013) ("[A]ssent is determined under an objective standard applied to the outward manifestations or expressions of the parties, *i.e.*, the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.").

The Ninth Circuit's recent decision in *Norcia v. Samsung Telecommunications America, LLC* is instructive, and the parties dispute its application here. In *Norcia*, Norcia purchased a Samsung Galaxy phone from a Verizon Wireless store. 845 F.3d at 1282. As here, the Verizon Wireless employee opened the Samsung box, unpacked its contents, removed the phone, and transferred Norcia's contacts from his old phone to his new one. *Id.* The back of the box stated, "Package Contains . . . Product Safety & Warranty Brochure." *Id.* (alteration in original). Before leaving the store, Norcia declined to take the Samsung box (and its contents) with him, and so, like Velasquez-Reyes, he did not read the 101-paged warranty brochure contained within the phone's box. *Id.* The warranty brochure contained an arbitration provision. *Id.* When Norcia later filed a class action complaint against Samsung, Samsung moved to compel arbitration on the basis of the warranty brochure. *Id.* at 1282–83. The district court denied the motion to compel. *Id.* at 1283.

The Ninth Circuit affirmed, rejecting Samsung's theory that the inclusion of the arbitration provision in the warranty brochure created a valid contract between the parties. *Id.* The Court first noted California's general rule that "silence or inaction does not constitute acceptance of an offer." *Id.* at 1284 (quoting *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App. 4th 1372, 1385 (1993)). The Court then listed two exceptions to that rule: (1) "when the offeree has [a] duty to respond to an offer and fails to act in the face of th[at] duty," such as here, where the arbitration provision permits a Galaxy user to opt out; and (2) "when the party retains the benefit offered," which was inapplicable here because the warranty brochure stated that purchasers retain the benefit of the warranty even if they opt out of arbitration. *Id.* at 1284–85. The Court went on to explain, however, that even where an exception to California's general rule applies, the "offeree's silence [does not] constitute[] consent to a contract when the offeree reasonably did not know that an offer had been made." *Id.* at 1285 (citing *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972)).

Applying these principles, the Court ruled that Norcia did not consent to the formation of a contract because he did not expressly assent to the brochure's terms, sign the brochure, or otherwise act in a manner that would show his silence and inaction was intended as a means of accepting the agreement. *Id.* at 1285–86. The Court also held, analogizing to shrink-wrap

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-1953-DMG (KKx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 9 of 15 |

jurisprudence, that opening the Samsung box did not constitute assent to the terms provided in the warranty brochure because the notice on the box did not so expressly indicate. *Id.* at 1287. Additionally, the Court analyzed "in-the-box" contract cases and found that Norcia did not receive sufficient notice of Samsung's contractual offer because the title of the brochure, "Product Safety & Warranty Information," would not put "a reasonable person in Norcia's position" on notice that the brochure "contained a freestanding obligation outside the scope of the warranty." *Id.* at 1289. "Nor would a reasonable person understand that receiving the seller's warranty and failing to opt out of an arbitration provision contained within the warranty constituted assent to a provision requiring arbitration of all claims against the seller, including claims not involving the warranty." *Id.*

This Court comes to the same conclusion on the same grounds. *See also Dang v. Samsung Elecs. Co.*, 673 F. App'x 779 (9th Cir. 2017) (Galaxy smartphone user did not enter into agreement to arbitrate by virtue of arbitration provision in phone's warranty brochure, packaged in same box with phone, and Samsung did not provide adequate notice that brochure contained an offer to enter into a bilateral contract to arbitrate). It is undisputed that Velasquez-Reyes did not expressly agree to Samsung's arbitration provision, and there is no indication that her silence and failure to opt out of the arbitration procedures were intended to be taken as assent.

Additionally, the disclaimer on the box does not expressly provide that opening the box or using the phone constitutes consent to terms contained inside the Warranty Guide, which itself is inside the box. Although the disclosure on the external packaging indicates that the S7's purchase, alone, is subject to Samsung's "additional terms and conditions"—such that it would be "reasonabl[e] [to] conclude, consistent with California contract law, that the user has a duty to act in order to negate the conclusion that the consumer had accepted the terms"—the language here, written in tiny font and sandwiched between Samsung and Android copyright and trademark information, is too vague and inconspicuous to provide notice of the consumer's consent to arbitrate all claims. *Norcia*, 845 F.3d at 1287; *see also Knutson*, 771 F.3d at 566 ("[A]n offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious. This principle of knowing consent applies with particular force to provisions for arbitration." (alteration in original) (quoting *Windsor*, 25 Cal. App. 3d at 993)); *cf. Metter v. Uber Techs., Inc.*, No. 16-cv-06652-RS, slip op. at 2, 5 (N.D. Cal. Apr. 17, 2017) (rejecting plaintiff phone user's argument that cell phone alert—which notified user that registration of an Uber account constituted an agreement to the company's terms of service, which included arbitration agreement—was insufficiently conspicuous to offer notice of agreement because of alert was a clickable hyperlink in all capital letters, bold, underlined, and placed just underneath the "register" button). Further, the reference to "additional terms and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 10 of 15 |

conditions" does not inform an ordinary consumer that such terms include an arbitration agreement, nor does it notify the consumer where to find those additional terms and conditions. *See Knutson*, 771 F.3d at 566 ("If a party wishes to bind in writing another to an agreement to arbitrate future disputes, such purpose should be accomplished in a way that each party to the arrangement will fully and clearly comprehend that the agreement to arbitrate exists and binds the parties thereto." (quoting *Com. Factors Corp. v. Kurtzman Bros.*, 131 Cal. App. 2d 133, 136 (1955))); *Marin*, 89 Cal. App. 4th at 1049 (no contract exists "when the writing does not appear to be a contract and the terms are not called to the attention of the recipient").[3]

Similarly, the mere inclusion of the Warranty Guide in the Galaxy S7's box cannot bind Velasquez-Reyes to an arbitration provision appearing toward the end of the Guide because the Guide's cover page indicates only that it contains health, safety, and warranty information. *See Knutson*, 771 F.3d at 566; *see also Meyer v. Kalanick*, ---F. Supp. 3d---, No. 15 Civ. 9796, 2016 WL 4073071, at *9 (S.D.N.Y. July 29, 2016) ("[Under California law,] [t]he Court cannot simply assume that the reasonable (non-lawyer) smartphone user is aware of the likely contents of 'Terms of Service[]' . . . . The reasonable user might be forgiven for assuming that 'Terms of Service' refers to a description of the types of services . . . not to the user's waiver of his constitutional right to a jury trial . . . ."). Samsung consistently argues that the Warranty Guide's "title page prominently informs users" that use of the device constitutes acceptance of the Guide's terms and that the user should read the Guide before operating the S7. MCA Reply at 21. The face of the Guide does not in fact provide such prominent notice; only the Guide's electronic version, which is not included in the Galaxy S7 box, places such a disclaimer front and center.

Attempting to further distinguish *Norcia*, Samsung points out differences between the *Norcia* brochure and the Warranty Guide's specifications, such as their respective length, where the arbitration provision appears in the literature, and how (or whether) each refer to the arbitration provision. *See* MCA Reply at 11–12. The Warranty Guide no doubt makes a stronger effort than the *Norcia* brochure to direct a consumer to the arbitration provision, but for the reasons previously stated, Samsung's external packaging disclosure and in-the-box Warranty Guide are insufficient to put a reasonable consumer on notice of the arbitration provision or the contractual nature of the purchase-and-usage transaction.

---

[3] The District Court for the Western District of Washington recently enforced an arbitration agreement in connection with a Samsung Note 7 under circumstances similar to those presented here. *See Schmidt v. Samsung Elec. Am., Inc.*, No. C16-1725-JCC, 2017 WL 2289035 (W.D. Wash. May 25, 2017); *see also* Doc. # 32 (Samsung's notice of supplemental authority). Notably, the Court did not engage in any discussion about the vague or inconspicuous nature of the phone's external packaging. *See Schmidt*, 2017 WL 2289035 at *4. This Court thus respectfully disagrees with the *Schmidt* Court's conclusion. Moreover, the Court is more inclined to follow *Norcia*, which is Ninth Circuit authority on very similar facts.

Case 5:16-cv-01953-DMG-KK Document 34 Filed 09/13/17 Page 11 of 15 Page ID #:690

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 11 of 15 |

Moreover, the cases Samsung relies on for support are inapposite. For example, in *Cuadras v. MetroPCS Wireless, Inc.*, the plaintiff received a physical copy of MetroPCS's terms and conditions, which was repeatedly referred to as an "agreement" and which, on the front page and in bold letters, (1) directed the consumer to read the agreement, (2) informed the consumer that use of the service constituted an agreement to all of its terms, and (3) alerted the consumer that all disputes would be handled through individual arbitration. *See* No. CV 09-7897 CAS (AJWx), 2011 WL 11084069, at *1–2 (C.D. Cal. Aug. 8, 2011). In *Bucy v. AT&T Wireless Services, Inc.*, the plaintiff did not deny that he entered into a written agreement with AT&T or that the terms and conditions packet, which contained an arbitration provision in the opening paragraph, was part of that agreement. No. A105910, 2005 WL 2404424, at *2–3 (Cal. Ct. App. Sept. 30, 2005). Just as in *Cuadras*, the contractual nature of the *Bucy* packet was obvious—and for the same reasons. *Id.* Furthermore, both *Cuadras* and *Bucy* were actions for breach of contract, rather than claims sounding in fraud and misrepresentation, as here. *Cuadras*, 2011 WL 11084069 at *1; *Bucy*, 2005 WL 2404424 at *2.

Samsung has not met its burden of proving that the parties' conduct would lead a reasonable person to believe that Velasquez-Reyes assented to the agreement to arbitrate. The Court therefore **DENIES** Samsung's motion to compel.

B.   Motion to Dismiss

Samsung argues that dismissal is warranted on all of Velasquez-Reyes' claims for four reasons. First, Samsung contends that Velasquez-Reyes' failure to demonstrate with specific facts or extrinsic evidence that Samsung's challenged advertisements "are false in and of themselves" results in the Complaint lacking sufficient particularity to comply with Federal Rule of Civil Procedure 9(b). MTD at 15. Samsung also urges that the Complaint fails to establish plausibility under Rule 8(a) because Velasquez-Reyes failed to plead that "obvious alternative explanations" for her phone's malfunction did not occur and result in its damage. *Id.* at 19. Additionally, Samsung argues that its online support page and user guides provide the disclosures Velasquez-Reyes alleged it concealed. *Id.* at 20–21. Finally, Samsung challenges Velasquez-Reyes' standing to sue based on Galaxy phones she did not buy. *Id.* at 22–23.

1.   Standing

Samsung argues that Velasquez-Reyes cannot allege an economic injury from Samsung's allegedly false or misleading advertisements relating to the Galaxy S7 Edge or Galaxy S7 Active because she did not purchase them. Standing to sue under the UCL requires the plaintiff to "ha[ve] suffered [an] injury in fact and ha[ve] lost money or property." *Kwikset Corp. v. Superior Court*, 51Cal. 4th 310, 320–21 (2011) (quoting Cal. Bus. & Prof. Code § 17024).

Case 5:16-cv-01953-DMG-KK   Document 34   Filed 09/13/17   Page 12 of 15   Page ID #:691

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-1953-DMG (KKx) | Date | September 13, 2017 |
|---|---|---|---|

| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 12 of 15 |
|---|---|---|---|

Notably, however, "[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009).

District Courts in this Circuit are split on the questions of (1) whether a plaintiff has standing to sue on behalf of purchasers in connection with a product that the plaintiff herself did not purchase; and (2) whether the named plaintiff's standing is appropriately addressed at the pleading or class certification stages. *See, e.g.*, *Contreras v. Johnson & Johnson Consumer Cos.*, 2012 U.S. Dist. LEXIS 186949, at * 5–6 (C.D. Cal. Nov. 29, 2012) (where plaintiff did not purchase three of the four sunscreen products at issue, she lacked Article III standing and therefore could maintain an action only with respect to the single product she purchased); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012) (plaintiffs had standing where they alleged sufficient similarity between the products they did purchase and those that they did not, and concerns over products' material differences "are better addressed at the class certification stage rather than at the [pleading] stage").

Here, the gravamen of the Complaint is that Samsung misrepresented that the class of S7 phones is water resistant. Although Velasquez-Reyes does not expressly allege that the three models are similar, the Complaint makes clear that purchasers of all three models were induced to purchase the phones through the same alleged misrepresentations and false or misleading advertisements. *See* Complaint at ¶¶ 11–12 ("Samsung's flagship line of cell phones is the Galaxy S7 series. Phones in this series include the Galaxy S7, Galaxy S7 Edge, and Galaxy S7 Active (collectively, the 'S7 Phone'). Samsung's material misrepresentations of the S7 Phone in a widely seen advertising campaign give rise to this action."); *see also* MTD Opposition at 16 [Doc. # 26] ("Consumer purchasers of the S7 family of smartphones were subject to the same violations as Plaintiff, whether they purchased the falsely advertised Galaxy S7, Galaxy S7 Edge, or Galaxy S7 Active. This is why the Complaint collectively defines all three of these products as the S7 Phone—Samsung's advertisements giving rise to these claims do not distinguish among the three products." (citing Complaint at ¶ 11)).

The Court thus follows in the footsteps of sister District Courts that have found standing and concludes that Velasquez-Reyes' ability to adequately represent the putative class is a question better left for the certification process. *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 921–22 (N.D. Cal. 2012); *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530–31 (C.D. Cal. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 13 of 15 |

### 2. Pleading Under Rules 8(a) and 9(b)

Samsung asserts that Velasquez-Reyes' false advertising claims cannot survive its MTD because her individualized experience of dropping the S7 into the toilet is insufficient to state a claim for false advertising. MTD at 15–18. As Velasquez-Reyes argues, however, Samsung's insistence that she must present facts and extrinsic evidence showing its claims of water resistance are false misrepresents the pleading requirements of a false advertising claim. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) ("[T]o state a claim under the UCL or the [FAL], based on false advertising . . . , 'it is necessary *only* to show that "members of the public are likely to be deceived."'" (emphasis added) (quoting *Comm. on Children's Tel., Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 211 (1983), *superseded by statute on other grounds as stated in Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235, 242 (2006)); *see also Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003) ("[Defendant] contends [Plaintiff] had to prove 'via extrinsic evidence' that his misstatements would likely deceive a reasonable person (not merely a vulnerable person) and that what he terms 'anecdotal' evidence, that is, testimony by people that were in fact misled, is insufficient. . . . We are not persuaded that the[] cases [holding that direct evidence that many people were misled can never show that a reasonable consumer would likely be misled] accurately reflect California law.").

California's FAL "makes it unlawful for any person 'to induce the public to enter into any obligation' based on a statement that is 'untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (quoting Cal. Bus. & Prof. Code § 17500). "California courts construe [s]ection 17500 . . . . broadly to encompass 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive of confuse the public.'" *Id.* (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). To state a claim under the FAL, a plaintiff "must allege that [the] [d]efendant's representations are likely to deceive a reasonable consumer." *Anderson v. The Hain Celestial Grp.*, 87 F. Supp. 3d 1226, 1236 (N.D. Cal. 2015). Except for "certain 'rare' cases," whether an advertisement is "deceptive so as to mislead a reasonable consumer" is "a question of fact incapable of resolution on a motion to dismiss." *Anderson*, 87 F. Supp. 3d at 1236 (quoting *Williams*, 552 F.3d at 939).

The Court concludes that Velasquez-Reyes has identified in the Complaint, as summarized above in the factual background, the "who, what, when, where, and how" of Samsung's alleged misconduct in connection with her false advertising claim sufficient to give Samsung notice of the claims and, accordingly, has complied with Rule 9(b). *See Cafasso*, 637 F.3d at 1055.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-1953-DMG (KKx) | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 14 of 15 |

This case does not present the rare instance where an advertisement's inability to deceive is so obvious that the claim must be dismissed; rather, Velasquez-Reyes has presented a scenario in which the reasonable consumer's likelihood of being deceived is plausible—but a factual inquiry best left for the jury. Velasquez-Reyes' theory of phone damage is also plausible. Samsung's proffered alternative explanations for the phone's dysfunction are also plausible, but they are not "so convincing that [Velasquez-Reyes'] explanation is *implausible*." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)).

Finally, Samsung's arguments about its online and user guide disclosures are unpersuasive. Importantly, the Complaint alleges that Samsung misrepresents that the relevant S7 phone models are water resistant in up to five feet of water for up to 30 minutes. That Samsung's user support page provides the same limitation—"The IP68 dust- and water-resistance Ingress Protection rating means your device is completely protected against dust, and it is water-resistant in up to 5 feet of water for up to 30 minutes"—does not weaken Velasquez-Reyes' claim. Exhibit L at 2 [Doc. # 18-6]. Additionally, the authorities Samsung cites are distinguishable from the case at bar. *See* MTD at 21. In those cases, the plaintiffs either (1) acknowledged that the defendant's disclosure was present on the face of the allegedly false advertisement, and argued that the disclosures were insufficient; or (2) pleaded facts that were patently false. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995) (rejecting argument that "members of the public would be deceived [by sweepstakes promotion] since it is likely that the reader will review the large print and *ignore the qualifying language* in small print" because "[n]one of the qualifying language is hidden or unreadably small[] [and] [t]he qualifying language appears immediately next to the representations it qualifies" (emphasis added)); *Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 WL 7248734, at *6–7 (N.D. Cal. Dec. 19, 2014) (plaintiff alleged that the product's packaging failed to disclose safety hazard information that the packaging expressly disclosed "several times," and plaintiff changed her theory of liability during the motion-to-dismiss briefing to failure to disclose *the extent* of the safety information—allegations completely absent from the complaint); *Baxter v. Intelius, Inc.*, No SACV09-1031 AG MLGX, 2010 WL 3791487, at *3–4 (C.D. Cal. Sept. 16, 2010) (rejecting allegation that website's new offer during check-out and purchase process was deceptive because new offer language was "clear and unambiguous," appeared on same page that thanked consumer and notified him that his "order ha[d] been successfully completed," and asked consumer to choose whether to accept or decline new offer). Here, in contrast, Velasquez-Reyes contends that Samsung's representations of water resistance, including Samsung's qualifications of depth and time exposure, are false—not that consumers would not see the disclosure or that the wording is otherwise deceptive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-1953-DMG (KKx)** | Date | September 13, 2017 |
| Title | *Dulce Alondra Velasquez-Reyes v. Samsung Electronics America, Inc.* | Page | 15 of 15 |

Furthermore, to the extent Velasquez-Reyes' claim relies on Samsung's advertisements that show S7 users operating the phone in salt water or spraying the device with jets of hose water, *Freeman* hurts Samsung more than helps it. According to Samsung, it warns users not to expose the S7 phones to salt water or high-pressure water on its website's Galaxy S7 support page and in user guides that are included with the phone's packaging once purchased. MTD at 21. But these disclosures do not appear on the advertisements themselves and a user most likely would not read them unless the user had already purchased the Galaxy devices. Accordingly, "the qualifying language is hidden" from consumers until it is too late. *Freeman*, 68 F.3d at 289.

In sum, Velasquez-Reyes has met the pleading standards under Rules 8(a) and 9(b), and Samsung has failed to persuade the Court that dismissal is warranted.

## V.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Samsung's motions to compel arbitration and to dismiss the Complaint. Samsung shall file its Answer within 21 days of the date of this Order.

**IT IS SO ORDERED.**